# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3031

_____

United States of America,

*Plaintiff - Appellee*,

v.

Santos Chavarria-Ortiz, also known as Wilmer Santiago Suazo Escobar, also known as Santos N. Chavarria, also known as Noe Ortiz,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 18, 2016
Filed: July 7, 2016

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Santos Chavarria-Ortiz pleaded guilty to one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] determined

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

an advisory sentencing guideline range of 70 to 87 months' imprisonment, rejected Chavarria-Ortiz's request for a downward variance to 36 months, and sentenced him within the advisory range to a term of 84 months' imprisonment, followed by three years of supervised release.

Chavarria-Ortiz contends that the district court committed significant procedural error by failing to give an adequate explanation for the sentence. The Supreme Court explained in *Gall v. United States*, 552 U.S. 38, 50 (2007), that a district court, after settling on the appropriate sentence, "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *See Rita v. United States*, 551 U.S. 338, 351, 356-57 (2007).

Chavarria-Ortiz failed to object at sentencing to the adequacy of the district court's explanation, and the government argues that he thereby waived any claim of procedural error. The government cites a statement in *United States v. Maxwell*, 778 F.3d 719, 734 (8th Cir. 2015), that "[w]e will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors by a defendant who did not object to the adequacy of the court's explanation at sentencing." In *Maxwell*, however, the court conducted plain-error review of any challenges to the district court's explanation, *id*. at 734-35, 736, so the quoted sentence is *dictum* insofar as it suggested that a mere failure to object is a waiver.

A waiver, of course, is "the intentional relinquishment or abandonment of a known right," whereas forfeiture is "the failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation omitted). Waiver precludes appellate review, while forfeiture limits consideration to a rigorous plain-error standard. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 733-34. To show a waiver, the government must point to action by the defendant or defense counsel that establishes an intentional relinquishment or abandonment of the right. *E.g.*, *United*

-2-

*States v. Harrison*, 393 F.3d 805, 807-08 (8th Cir. 2005); *United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002).  Classifying a failure to object as a waiver when a right is well known and regularly involved would largely collapse the distinction between waiver and forfeiture.  Plain-error review often addresses the forfeiture of objections asserting familiar rights.  *See, e.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1344-45 (2016) (reviewing forfeited claim that the district court miscalculated criminal history points under the sentencing guidelines); *Puckett v. United States*, 556 U.S. 129, 136 (2009) (reviewing forfeited claim that the government violated a plea agreement); *United States v. Cotton*, 535 U.S. 625, 631-34 (2002) (reviewing forfeited claim that the indictment omitted a fact that increased the statutory maximum sentence); *United States v. Vonn*, 535 U.S. 55, 62-63 (2002) (holding that plain-error review applies to forfeited claim that a district court varied from Rule 11 during a guilty plea colloquy).

Our cases routinely have conducted plain-error review of claims that a district court failed adequately to explain a chosen sentence.  *See, e.g.*, *United States v. Fry*, 792 F.3d 884, 891-92 (8th Cir. 2015); *United States v. Keatings*, 787 F.3d 1197, 1202-03 (8th Cir. 2015); *United States v. Butler*, 743 F.3d 645, 647 (8th Cir. 2014); *United States v. Rice*, 699 F.3d 1043, 1049-50 (8th Cir. 2012).  We follow that course here.

As a practical matter, however, a forfeited challenge to the adequacy of a district court's explanation for a sentence within an advisory guideline range faces long odds.  In *Rita*, the Supreme Court deemed adequate a district judge's cursory explanation that he was unable to find the advisory range inappropriate, that the public needed to be protected, and that a sentence at the bottom of the advisory range was "appropriate."  551 U.S. at 345.  The Court explained that where a matter is conceptually simple, and the record makes clear that the sentencing judge considered the evidence and arguments, the law does not require the judge to write or say more. *Id*. at 359.  When a defendant does not speak up at sentencing and request an explanation for some aspect of the district court's decision, he can hardly expect a

sympathetic reaction (or a lengthy response) to his untimely complaint that the judge should have delivered a more fulsome statement. And an appellant raising a forfeited objection to the court's statement of reasons confronts a daunting task in convincing a court of appeals that a more detailed explanation would have resulted in a lighter sentence. *See Olano*, 507 U.S. at 734.

In this case, the district court heard from both parties. Defense counsel sought a below-guidelines sentence of 36 months, explaining that Chavarria-Ortiz originally had followed his mother to the United States as a teenager and reentered the country most recently to earn money for his son in Mexico. Counsel suggested that a long sentence was unnecessary to deter Chavarria-Ortiz from illegally reentering the country again, because he had gained employment skills that were transferrable to Mexico and his young daughter was now living in Mexico. The government responded that Chavarria-Ortiz had three prior convictions for illegal reentry, as well as convictions for drug offenses and aggravated assault with a deadly weapon, and urged a sentence within the advisory range. In his allocution, Chavarria-Ortiz asked the judge to allow him to be with his daughter.

The court imposed a sentence of 84 months, within the advisory range, citing the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to deter future criminal conduct. The court further characterized the sentence as "appropriate and reasonable" and "sufficient, but not greater than necessary." Addressing the defendant, the judge said, "I'm not going to give you a chance to be with your child right away," but added that Chavarria-Ortiz would still be a young man when released and could see his children grow up.

The district court's explanation was adequate in the context of this case. The record shows that the court listened to the parties' arguments and determined that the circumstances did not warrant a downward variance. Where the defendant had sustained four convictions for illegal reentry, in addition to other criminal convictions,

there was no need for an elaborate discussion of why the court agreed with the range recommended by the Sentencing Commission. *See Rita*, 551 U.S. at 356-57. Chavarria-Ortiz, moreover, points to nothing to suggest a reasonable probability that the district court would have imposed a more lenient sentence if the court had elected to discuss the appropriateness of the sentence at greater length.

Chavarria-Ortiz also contends that his sentence is substantively unreasonable, because the district court gave too much weight to deterrence and too little weight to his personal history and circumstances. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. We apply a presumption of reasonableness to sentences within the advisory guideline range. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see Rita*, 551 U.S. at 347. District courts have wide latitude to weigh the factors set forth in 18 U.S.C. § 3553(a) and may assign some factors greater weight than others. *United States v. San-Miguel*, 634 F.3d 471, 476 (8th Cir. 2011). The record makes clear that the court thought Chavarria-Ortiz's offense conduct and criminal history warranted a sentence within the advisory range, and that the need for deterrence outweighed the defendant's pleas for leniency based on personal circumstances. The sentence was not unreasonable.

The judgment of the district court is affirmed.

_____