# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3986

_____

United States of America

*Plaintiff - Appellee*

v.

Corey Victor Bevins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2016
Filed: February 14, 2017

_____

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

Corey Bevins pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography in violation of

18 U.S.C. §§ 1151, 2252(a)(4)(A), and 2252(b)(2). The district court[1] sentenced Bevins to 300 months in prison after varying downward from Bevins's advisory Guidelines range of 720 months. On appeal, Bevins contends the district court procedurally erred by improperly calculating his Guidelines range and failing adequately to explain his 300-month sentence at the sentencing hearing. Bevins also asserts his sentence is substantively unreasonable. We do not find merit in any of Bevins's challenges. Therefore, we affirm his sentence. See 28 U.S.C. § 1291 (appellate jurisdiction).

## I.    BACKGROUND

In April 2013, law enforcement agents discovered a host computer they believed contained child pornography files. The computer's IP address was tracked to a residence in northwest Minnesota where Bevins, then age 37, lived with his mother and her husband. In January 2014, officers executed a search warrant on the property and seized four computer towers, an SD memory card, a USB drive, a cell phone, and 73 CDs that belonged to Bevins. The memory card contained five videos and seven images of Bevins engaged in sexual acts with known minors, including nine-year-old M.B., a daughter of Bevins's cousin. Bevins was arrested and confessed to having a six-month "relationship" with M.B. "a couple years ago," engaging in sexual conduct with M.B., and recording M.B. engaged in sexual conduct with him on multiple occasions. Officers later found an additional 60 images and 269 videos of child pornography, which Bevins admitted he knowingly downloaded from the internet.

The government filed a superseding indictment in April 2015, charging Bevins with nine counts: counts 1 and 2 for production of child pornography, see 18 U.S.C. § 2251(a), (e); count 3 for attempted production of child pornography, see id.; counts

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

4 through 8 for receipt of child pornography, see id. § 2252(a)(2), (b)(1); and count 9 for possession of child pornography, see id. §§ 1151, 2252(a)(4)(A), (b)(2). Bevins pled guilty to counts 2 (production), 5 (receipt), and 9 (possession), in exchange for the government dismissing the remaining six counts. In the plea agreement, Bevins further admitted he "used and attempted to use the same known victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct on two additional occasions." The plea agreement made clear this "[would] be considered relevant conduct for sentencing purposes."

The presentence investigation report (PSR) assessed Bevins's conduct and the plea agreement under the advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.), and recommended a prison sentence of 720 months.[2] Bevins objected to several enhancements and adjustments applied in the PSR. Specifically, Bevins disputed the five levels added for patterned behavior, see U.S.S.G. § 2G2.2(b)(5), the five levels added for Bevins being a repeat and dangerous sex offender, see id. § 4B1.5(b)(1), the four levels added for sadistic or masochistic behavior, see id. § 2G2.1(b)(4), and the three levels added as a result of the PSR not grouping the production and attempted production counts, see id. § 3D1.4. Bevins also asked the district court to vary downward given "[i]ndividualize[d] consideration[s]," and because "the child pornography guidelines are essentially unworkable" and "without empirical basis." Bevins suggested a 180-month sentence—the statutory minimum if all sentences ran concurrently—would be "more than sufficient." See 18 U.S.C. §§ 2251(e), 2252(b), 3553(a). While the government agreed a downward variance was appropriate, it advocated for a below-Guidelines sentence of 360 months.

---

[2]Bevins's total offense level exceeded the level recognized by the Guidelines, and thus was reduced from 49 to 43. See U.S.S.G. ch. 5, pt. A, cmt. n.2. The Guidelines range was life imprisonment, but the combined maximum term allowed under the statutes was 720 months. See 18 U.S.C. §§ 2251(e), 2252(b); U.S.S.G. ch. 5, pt. A.

At the sentencing hearing, the district court reported it had reviewed the PSR and the parties' position papers regarding Bevins's objections and the sentencing factors. After listening to the parties' oral arguments, the district court overruled all objections to the PSR and sentenced Bevins as follows:

> Well, taking into account the 3553(a) factors, it's my judgment that a total sentence in this case, and I'll break it down, of 25 years in prison meets the objectives of 3553(a). And that will be a sentence of 15 years on Count 2, 5 years on Count 5, 5 years on Count 9, all to run consecutively for a total of a 25-year [300-month] sentence.

On appeal, Bevins challenges his Guidelines range, the adequacy of the district court's explanation regarding the § 3553(a) factors, and the substantive reasonableness of his sentence.

## II.    DISCUSSION

In reviewing Bevins's sentence, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If the district court's sentencing decision is free of procedural error, we "then consider the substantive reasonableness of the sentence imposed." Id. Bevins makes several arguments which we address in turn.

### A.    Guidelines Calculations

Bevins first argues the district court procedurally erred by improperly calculating his Guidelines range. "[W]e review the district court's application of the Guidelines de novo." United States v. Poe, 764 F.3d 914, 917 (8th Cir. 2014). We begin by noting we need not address Bevins's challenges to the calculation of his adjusted offense level for the receipt and possession counts—namely, that a four-level

enhancement for committing an offense that involved "material that portrays . . . sadistic or masochistic conduct" under § 2G2.2(b)(4) was unwarranted, that his conduct was too "sporadic" to support a five-level enhancement for "engag[ing] in a pattern of activity" under § 2G2.2(b)(5), and that adding five levels under § 4B1.5(b)(1) for being a "repeat and dangerous sex offender" resulted in an impermissible "double count" when paired with the pattern enhancement. These issues had no impact on Bevins's Guidelines range. The receipt and possession counts were grouped with the production count to which Bevins pled guilty. See U.S.S.G. § 3D1.2(c). And the production count had a higher adjusted offense level and controlled for purposes of calculating Bevins's Guidelines range. See id. § 3D1.3, .4. The receipt and possession counts (along with the challenged increases) became irrelevant as a practical matter. See Fed. R. Crim. P. 52(a) (harmless error).

We proceed to Bevins's argument that he should not have received a five-level enhancement for being a "repeat and dangerous sex offender" because § 4B1.5(b)(1) "should" require proof of a prior conviction. The Guidelines reject Bevins's proposed reading. The five-level increase under § 4B1.5(b)(1) applies when "the defendant engaged in a pattern of activity involving prohibited sexual conduct." A pattern exists if the defendant engaged in such conduct "on at least two separate occasions . . . without regard to whether the occasion . . . resulted in a conviction." U.S.S.G. § 4B1.5 cmt. n.4(B); see also United States v. Godsey, 690 F.3d 906, 910 (8th Cir. 2012) ("Unless an Application Note is clearly erroneous or in conflict with the Constitution, a federal statute, or the guideline itself, the note is binding on a district court."). The PSR noted "Bevins created at least two videos depicting child pornography on separate dates" and admitted to engaging in prohibited sexual conduct on multiple occasions. This conduct is sufficient to make Bevins a repeat and dangerous sex offender triggering § 4B1.5(b)(1).

We also find the four-level enhancement under § 2G2.1(b)(4) warranted because, as the enhancement requires, "the offense involved material that portrays

-5-

sadistic or masochistic conduct or other depictions of violence." The Guidelines do not define these terms, but we have previously held images showing an adult male engaging (or attempting to engage in) intercourse or oral sex with a minor were included within the provision's scope. See, e.g., United States v. Diaz, 368 F.3d 991, 992 (8th Cir. 2004). Bevins produced videos showing him attempting to penetrate and penetrating M.B. despite her resistance. The videos plainly constitute material that warranted the four-level enhancement under § 2G2.1(b)(4).

Lastly, the PSR added three levels to Bevins's combined offense level under § 3D1.4 because, although Bevins pled guilty to only one production count, he stipulated to the conduct that gave rise to the dismissed production and attempted production counts. See U.S.S.G. § 1B1.2(c). Bevins proposes the three production counts should have been grouped because they "involved the same victim, the same pattern," and "'substantially the same harm'" such that they should have been grouped under § 3D1.2. Our precedent forecloses this proposition. Each time Bevins produced videos of M.B. engaged in sexual conduct, "he inflicted a separate and distinct harm upon that child; therefore, his actions cannot be considered substantially the same harm for grouping purposes under § 3D1.2." United States v. Kiel, 454 F.3d 819, 822 (8th Cir. 2006); see also U.S.S.G. § 3D1.2 cmt. n.4. Bevins's total offense level and Guidelines range were correctly calculated.

## B. Record Adequacy

Bevins also claims the district court "fail[ed] to make an adequate record" of why the 300-month sentence "is justified" in light of the factors listed in 18 U.S.C. § 3553(a). It is of course true a district court is required to consider the § 3553(a) factors and "must adequately explain the chosen sentence to allow for meaningful appellate review." Gall, 552 U.S. at 50; see 18 U.S.C. § 3553(c); Rita v. United States, 551 U.S. 338, 356-59 (2007). It is also true the sentencing explanation in this case was succinct, and the district court "might have said more." Rita, 551 U.S. at 358-59 ("He must have believed that there was not much more to say."). Bevins did

not object to the adequacy of the district court's explanation at the sentencing hearing and raises this claim for the first time on appeal. The government cites United States v. Maxwell, 778 F.3d 719, 734 (8th Cir. 2015), to argue such failure to object waives the issue; however, a subsequent opinion clarified we do "routinely . . . conduct[] plain-error review of claims that a district court failed adequately to explain a chosen sentence." United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016); cf. Maxwell, 778 F.3d at 734-35 (applying plain-error review despite declaring the court would "not sustain a procedural challenge . . . by a defendant who did not object to the adequacy of the court's explanation at sentencing"). "As a practical matter, however, a forfeited challenge to the adequacy of a district court's explanation for a sentence . . . faces long odds." Chavarria-Ortiz, 828 F.3d at 671.

We start with the well-settled principle that when considering the § 3553(a) factors, "[a] district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). Here there can be no doubt the district court was aware of, and indeed considered and applied, the § 3553(a) factors—this is made obvious by the fact the district court *did* vary downward. Furthermore, the district court had at its disposal the PSR, which discussed the § 3553(a) factors and "contain[ed] extensive information regarding [Bevins], his history and characteristics, the nature and circumstances of the offense, the kinds of sentences available, and a recommended advisory sentencing guidelines range, all of which are factors under § 3553(a)." United States v. Jones, 493 F.3d 938, 941 (8th Cir. 2007), vacated, 552 U.S. 1091, and reinstated per curiam, 275 F. App'x 561, 562 n.2 (8th Cir. 2008). The district court also noted on the record that it read the parties' position papers regarding the § 3553(a) factors, and the district court listened to the parties' oral arguments at the hearing. See United States v. Johnson, 619 F.3d 910, 922 (8th Cir. 2010) ("[T]he district court was aware of [defendant's] arguments, and we therefore presume that the district court considered and rejected them."). Bevins "points to nothing to

suggest a reasonable probability that the district court would have imposed a more lenient sentence if the court had elected to discuss the appropriateness of the sentence at greater length." Chavarria-Ortiz, 828 F.3d at 672. In light of all these reasons we are convinced the district court's explanation, though brief, was not so plainly inadequate as to warrant reversal.

### C. Sentence Reasonableness

Having found no procedural error, we are left with Bevins's contention that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall, 552 U.S. at 41. Here, the district court sentenced Bevins to 300 months in prison—a term 420 months (35 years) shorter than his advisory Guidelines range. After Gall, it is an "'unusual case when we reverse a district court sentence . . . as substantively unreasonable,'" United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)), and it is "nearly inconceivable" that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence, United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). The sentence imposed was not unreasonably high.

## III. CONCLUSION

We affirm.

_____