# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1960

_____

United States of America

*Plaintiff - Appellee*

v.

Bessie Marie Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 6, 2017
Filed: April 14, 2017
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Bessie Marie Anderson pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Applying the United States Sentencing Guidelines (Guidelines), the

district court[1] determined that Anderson's advisory sentencing range for the bank fraud count was 15 to 21 months' imprisonment and sentenced Anderson to 18 months' imprisonment on that count, rejecting her request for probation. The district court imposed the mandatory 24-month consecutive sentence for the aggravated identity theft count, see 18 U.S.C. § 1028A, for a total sentence of 42 months' imprisonment.

Anderson contends that the district court committed procedural error by failing to adequately explain its reasons for choosing the sentence that it did. Because she did not raise this objection at sentencing, we review only for plain error. See United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016).

The record makes clear that the district court considered and rejected Anderson's arguments for a downward variance on the bank fraud count. In her sentencing memorandum, Anderson set forth her personal history, including that she had always worked to support herself and her son, sometimes working two or three jobs to make ends meet. During the sentencing hearing, defense counsel explained that the offense conduct was out of character for Anderson, whose criminal history category was I and who had never before committed any theft, despite working as a cashier and as a personal care attendant for the elderly. Anderson herself expressed remorse for the crime that she had committed and for the impact that her imprisonment would have on her son. The government argued that a sentence within the Guidelines range would be appropriate, however, in light of offense conduct that "involved a months-long spree where Anderson used the account numbers and identities of victims to get cash advances and buy other merchandise."

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

In imposing sentence, the district court explained that it "ha[d] taken into account the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant" and found that the total 42-month sentence was "sufficient, but not greater than necessary, to afford an adequate deterrence of future criminal conduct." The district court later rejected Anderson's written motion for reconsideration, in which she reiterated the arguments that she had made during the sentencing hearing. We conclude that the district court's explanation, though brief, was adequate in this case. The record shows that the court considered the parties' arguments and ultimately determined that the circumstances did not warrant a downward variance. See Chavarria-Ortiz, 828 F.3d at 671 ("[W]here a matter is conceptually simple, and the record makes clear that the sentencing judge considered the evidence and arguments, the law does not require the judge to write or say more." (citing Rita v. United States, 551 U.S. 338, 359 (2007))).

Anderson also argues that the sentence was substantively unreasonable. We consider the totality of the circumstances when reviewing the substantive reasonableness of a sentence, and we will not reverse absent a showing that the district court abused its discretion. Gall v. United States, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Johnson, 688 F.3d 444, 448 (8th Cir. 2012) (quoting United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009)).

Anderson contends that the district court failed to give adequate weight to her personal history and circumstances. She also argues that she is less culpable than the her coconspirators, many of whom received sentences similar to hers. In light of the district court's discretion "to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence," United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009), we find no error in the

court's decision to impose a Guidelines-range sentence, to which we may apply a presumption of reasonableness. See Chavarria-Ortiz, 828 F.3d at 672. Anderson has not rebutted that presumption. See United States v. Jokhoo, 806 F.3d 1137, 1142 (8th Cir. 2015) (noting that the district court considered the § 3553(a) factors and concluding that the defendant did not rebut the presumption of reasonableness given to his Guidelines-range sentence).

The sentence is affirmed.

_____