# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3107

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brittney Lehr,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 3, 2017
Filed: August 1, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Brittney Lehr pleaded guilty to conspiracy to distribute methamphetamine, and the district court[*] sentenced her to 157 months' imprisonment. Lehr appeals, arguing

_____

[*]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

that her sentence is substantively unreasonable. The district court did not abuse its broad discretion in weighing the sentencing factors under 18 U.S.C. § 3553(a), so we affirm.

Lehr pleaded guilty to conspiracy to distribute 50 or more grams of pure methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). After adjustments under the sentencing guidelines, including a two-level increase for Lehr's possession of a dangerous weapon, USSG § 2D1.1(b)(1), the district court calculated a guideline range of 210 to 262 months' imprisonment. The district court then reduced the high end of Lehr's guideline range by forty percent for reasons not relevant here, leaving a tentative sentence of 157 months' imprisonment.

Lehr urged the court to reduce the sentence further to 126 months. Lehr cited her diagnoses for bipolar disorder, anxiety, depression, and obsessive-compulsive disorder, and argued that her history of mental health problems was a mitigating factor. Lehr did not dispute the two-level increase for possession of a dangerous weapon, but argued that her constructive possession while acting as an intermediary in a firearm sale was less aggravating than other forms of possession.

The court rejected Lehr's arguments and sentenced her to 157 months' imprisonment. In discussing the nature and circumstances of the offense, the district court found that there was "nothing mitigating" about Lehr's role in the firearm sale, because she was trading with drug dealers for a firearm. The court considered Lehr's history and characteristics in detail, and highlighted Lehr's prior state conviction for manufacturing methamphetamine, her noncompliance with treatment programs and prison alternatives, and her limited employment history. These circumstances, the court concluded, made Lehr an extremely high risk to recidivate. The court specifically acknowledged Lehr's diagnosed mental health issues, but noted that they were perhaps exacerbated by her extensive drug abuse. The court also discussed the

seriousness of Lehr's drug dealing and remarked that her recidivism did not show much respect for the law.

Lehr appeals, arguing that the district court imposed a substantively unreasonable sentence. We review the reasonableness of a defendant's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). District courts have broad leeway to weigh the § 3553(a) factors and may assign some factors more weight than others. *United States v. Chavarria-Ortiz*, 828 F.3d 668, 672 (8th Cir. 2016).

Lehr argues that the court imposed an unreasonable sentence by failing to give significant weight to her mental health history and by giving too much weight to the idea that her drug use contributed to her mental health problems. Lehr argues that because her mental health issues arose before she began using drugs, the district court should have seen her mental health as a mitigating circumstance. The court specifically acknowledged Lehr's diagnoses, but was not required to give mental health the emphasis that Lehr desires. It was reasonable for the court to conclude that Lehr's recidivism and her repeated failures to participate in mental health treatment weighed more heavily against a reduced term of imprisonment.

Lehr also complains that the district court failed to give significant weight to the minimal nature of her involvement in the gun sale that led to the two-level increase under the guidelines. Lehr admitted that she constructively possessed the firearm and did not challenge the two-level increase. Although not every offender who possesses a firearm is equally culpable, the court is not required to develop gradations among offenders who properly receive the two-level increase. Here, the district court did not abuse its discretion in concluding that nothing about Lehr's admitted role in facilitating the firearm sale counseled against applying the full effect of the two-level increase.

-3-

The judgment of the district court is affirmed.

_____