# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3745

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jermaine Harris,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 16, 2017
Filed: March 23, 2018
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Jermaine Harris violated the terms of his supervised release, the district court[1] sentenced him to seven months' imprisonment, 120 days in a residential reentry

_____

[1]The Honorable Linda R. Reade, then Chief Judge, United States District Court for the Northern District of Iowa.

center, and two years of supervised release. Harris argues that the district court imposed an unreasonable sentence. We affirm.

In September 1999, Harris pleaded guilty to two charges—unlawful possession of a firearm as a previously convicted felon and unlawful possession of an unregistered sawed-off shotgun—and proceeded to trial on three others. A jury found Harris guilty of distribution of cocaine base, possession of cocaine base, and conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base. For all of these offenses, the district court sentenced Harris to 292 months' imprisonment, followed by five years' supervised release. Due to retroactive amendments to the sentencing guidelines, the court later reduced Harris's term of imprisonment to 235 months in 2009 and to 188 months in 2011. Harris completed his term of imprisonment and began his supervised release on November 19, 2013.

Harris violated the conditions of his release by failing to submit required forms, traveling without permission, failing to follow the directions of his probation officer, failing to notify his probation officer of a change of address, and committing a new law violation of domestic battery. In March 2015, after a revocation proceeding, the district court modified Harris's conditions of supervised release by adding a 180-day term of residence in the residential reentry center. Harris again violated the conditions of his release by failing to participate in required drug testing on five occasions, traveling without permission, and failing to follow the instructions of his probation officer on several occasions. In September 2016, at another revocation proceeding, the district court determined an advisory sentencing range under the guidelines of seven to thirteen months' imprisonment and sentenced Harris to a term of seven months, followed by 120 days' residence in a residential reentry center and two years of supervised release. Harris challenges this most recent revocation sentence.

Harris raises a single point on appeal: He argues that the district court abused its discretion by imposing the term of imprisonment and continuing supervised release. We review a sentence for reasonableness under a deferential abuse-of-discretion standard. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007). We presume that a sentence within the advisory guideline range is reasonable. *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016). The supervised release statute enumerates several factors that a district court should consider in fashioning a sentence after revocation, including the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3583(e); *see* 18 U.S.C. § 3553(a).

Harris argues that the district court's determination to impose a term of imprisonment was unreasonable because it gave inadequate weight to his continued employment and lack of substance abuse. District courts, however, have wide latitude to weigh the statutory sentencing factors and may assign some factors greater weight than others. *United States v. Chavarria-Ortiz*, 828 F.3d 668, 672 (8th Cir. 2016). The district court here chose to emphasize Harris's "persistent" inability to follow the rules while on supervised release and his "most uncooperative" behavior. Given Harris's incorrigibility and the recommendation of the Sentencing Commission to impose a term of imprisonment under these circumstances, it was reasonable for the court to conclude that a seven-month stint of incarceration was warranted.

It also was not unreasonable for the court to include a period in a reentry facility and a new term of supervised release after several months of incarceration. Residential reentry facilities and supervised release are designed to facilitate an offender's transition into the community. Harris's record of serial violations while on supervised release suggested that the transition would not be smooth. It was permissible for the court to make another attempt at supervision, after a short period

of renewed incarceration, with the hope that Harris would "take supervision seriously" and "follow the rules of the court." Given the legitimate interest in avoiding recidivism, *see* 18 U.S.C. § 3553(a)(2)(C), the court reasonably rejected the alternative of ordering Harris released immediately to the community without interim supervision.

The judgment of the district court is affirmed.

_____