# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2014

_____

United States of America

*Plaintiff - Appellee*

v.

Shane Zellaha

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: January 4, 2019
Filed: January 9, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Shane Zellaha directly appeals after he pleaded guilty to a firearm offense and the district court[1] sentenced him to a prison term at the top of the calculated

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Guidelines range. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court committed procedural error at sentencing, and imposed a substantively unreasonable sentence.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Zellaha. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that sentences, whether inside or outside the Guidelines range, are reviewed under a deferential abuse-of-discretion standard, and that this review includes ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence under the totality of circumstances). First, we discern no plain procedural error, as the record reveals that the court expressly considered several of the 18 U.S.C. § 3553(a) factors, and then chose a sentence within the Guidelines calculation. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 670-71 (8th Cir. 2016) (clarifying that if a defendant fails to object to the adequacy of the district court's explanation of the sentence, the appellate court conducts a plain-error review); *see also United States v. Hairy Chin*, 850 F.3d 398, 402 (8th Cir. 2017) (per curiam) (explaining that a significant procedural error can occur if the district court fails to consider the § 3553(a) sentencing factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain its chosen sentence). Next, Zellaha's sentence was not substantively unreasonable, as the prison term he received was within the calculated Guidelines range, the court properly considered the § 3553(a) factors, and there is no indication that the court committed a clear error of judgment in weighing the relevant factors. *See Feemster*, 572 F.3d at 461-62 (discussing substantive reasonableness); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that, on appeal, a within-Guidelines-range sentence is presumed to be reasonable).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, and affirm.

_____