# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3132

_____

United States of America

*Plaintiff - Appellee*

v.

Don L. Elbert, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 14, 2019
Filed: August 20, 2019
[Unpublished]

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Don L. Elbert, II, admitted to violating four of his supervised release conditions. As a result, the district court[1] revoked his supervised release and sentenced him to 12 months of imprisonment followed by 10 years of supervised release. On appeal, he argues that the district court failed to state the range suggested by the United States Sentencing Guidelines or the applicable 18 U.S.C. § 3553(a) factors before imposing his sentence. We affirm.

This is the third time that the district court has revoked Elbert's supervised release. Elbert began his third term of supervised release on April 20, 2018, and on July 25, the Probation Office recommended revocation based on five alleged violations and calculated a Guidelines range of 6 to 12 months of imprisonment. At the revocation hearing, Elbert stipulated to four violations and requested a sentence "at the low end" of the Guidelines range. After engaging in a lengthy colloquy with Elbert about the circumstances that led to his repeated appearances in revocation proceedings, the district court imposed a sentence at the top of the Guidelines range.

Because Elbert did not object to any purported procedural errors before the district court, we review his sentence for plain error. See United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). To establish reversible plain error, Elbert must show (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985)). The district court's failure to state the applicable Guidelines range at the final revocation hearing does not constitute reversible error. Our review of the hearing transcript reveals no confusion as to the applicable Guidelines range, and Elbert does not contest the district court's calculations on appeal, so Elbert fails to show that this purported error

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

"affected the outcome of the district court proceedings." Id. at 734. And the district court did not commit plain error by failing to explain Elbert's sentence by reference to the statutory sentencing factors applicable to revocation. The district court was intimately familiar with Elbert's criminal history and characteristics, having presided over two previous revocation hearings, and it discussed at length Elbert's difficulties complying with his prior terms of supervised release. These considerations are relevant to the applicable statutory sentencing factors, and "[t]he district court's explanation was adequate in the context of this case." United States v. Chavarria-Ortiz, 828 F.3d 668, 672 (8th Cir. 2016).

The district court's judgment is affirmed.

_____