# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1389
_____

United States of America

*Plaintiff - Appellee*

v.

Lucas Montagne

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: January 11, 2021
Filed: May 12, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Lucas Montagne pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e). He also stipulated that he had "prior sex conviction[s] in which a minor was the victim" under Texas law that qualified him for mandatory life imprisonment. 18 U.S.C. § 3559(e). Based on Montagne's plea and stipulation,

the district court[1] sentenced Montagne to mandatory life imprisonment. *See id.* On appeal, Montagne argues that he was not convicted of a qualifying prior child sex offense, and thus the district court erred by sentencing him to life imprisonment under § 3559(e). We affirm the district court.

## I. *Background*

On June 26, 2019, Montagne was indicted on eight charges, each dealing with a sex offense involving a minor. The indictment also included a special allegation that Montagne had multiple convictions for sexually assaulting children in Texas. Montagne pleaded to one count of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e). He admitted the special allegation. And he stipulated that § 3559(e)'s mandatory life sentence applied to him. The government then dismissed the other counts against him.

The district court adopted the presentence investigation report (PSR) in full. The PSR recounted the following: In April 2019, law enforcement learned about certain videos and images of child pornography that had been uploaded to the Internet. Two of the pictures were taken at the same location. One was of a seven-year-old boy and the other of a nine-year-old boy. One of the picture's metadata indicated that the picture was taken near Montagne's residence. Further investigation confirmed that the pictures were taken in Montagne's bathroom and discovered that Montagne had prior convictions for sexually assaulting children. In May 2019, law enforcement executed a search warrant for Montagne's residence. He had 20 pictures of self-produced child pornography stored on his cellular phone.

The PSR also noted that Montagne had multiple convictions for violating a Texas law that prohibits sexually assaulting a child. The relevant Texas statute

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

defines "child" as "a person younger than 17 years of age." Tex. Penal Code Ann. § 22.011(c)(1). The victims of Montagne's previous convictions were both 15 years old.

The PSR indicated that life imprisonment was statutorily mandated under § 3559(e). And although Montagne's Guidelines range was 360 months' imprisonment to life imprisonment, the PSR acknowledged that Montagne's sentence could not be less than the mandatory life sentence. *See* U.S.S.G. § 5G1.1(c)(2).

Montagne made three objections to the PSR. One concerned the inclusion of a victim statement from someone other than the specific children involved in Montagne's offense conduct. Another involved convictions for a suspended license and harboring a runaway child. The third dealt with a statement that Montagne made during a post-arrest assessment. However, as the district court explained, none of these objections "would [have] impact[ed] the Guideline calculation." Sentencing Hr'g Tr. at 4:14–16, *United States v. Montagne*, No. 3:19-cr-30005-PKH-1 (W.D. Ark. 2020), ECF No. 57.

Most notably, Montagne did not object to the PSR's conclusion that the statutorily mandated sentence was life imprisonment. In fact, he agreed that he would be required to serve a life sentence. During the sentencing hearing, Montagne's lawyer stated that "Montagne underst[ood] that . . . once he ple[aded] . . . he was going to be facing a mandatory life sentence." *Id.* at 9:22–23. This was confirmed by the document Montagne's lawyer prepared and Montagne signed establishing his plea's factual basis. In that document, Montagne said that he "underst[ood] that a life sentence [would] be imposed." Change of Plea Hr'g, Ex. 1, at 4, *United States v. Montagne*, No. 3:19-cr-30005-PKH-1 (W.D. Ark. 2020), ECF No. 32-1. And during the change-of-plea hearing, the district court asked if Montagne understood that "in [his] case, a mandatory term of imprisonment for life" would be applied. Change of

Plea Hr'g Tr. at 8:4–7, *United States v. Montagne*, No. 3:19-cr-30005-PKH-1 (W.D. Ark. 2020), ECF No. 56. Montagne replied, "Yes, sir." *Id.* at 8:8.

The district court imposed a life sentence. On appeal, Montagne reverses course and now contends that the district court erred in sentencing him to life imprisonment.

## II. *Discussion*

Montagne argues that his Texas convictions are not qualifying offenses under § 3559(e). Section 3559(e)(1) requires that a person be sentenced to life imprisonment if two elements are met: (1) the "person . . . is convicted of a Federal sex offense in which a minor is the victim" and (2) "the person has a prior sex conviction in which a minor was the victim." As relevant here, the statute defines "prior sex conviction" as "a conviction [made before the current one] . . . which was for . . . a State sex offense." 18 U.S.C. § 3559(e)(2)(C). And it defines "State sex offense," in relevant part, as "an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense," except for the interstate-commerce element. *Id.* § 3559(e)(2)(B).

Montagne chooses one federal sex offense—18 U.S.C. § 2241—and asserts that his Texas conviction does not fit § 2241's requirements because § 2241 only applies when the victim is younger than 12 years old. He then explains that the Texas statute applies to victims who are younger than 17 years old and his victims were 15 years old. The government counters with 18 U.S.C. § 2422(b), explaining that no age requirement applies there. But we need not determine whether § 2241 or § 2422(b)—or any other applicable federal sex offense—is relevant to this case. Assuming the district court committed an error, Montagne invited it.

"[W]here . . . a defendant knowingly and voluntarily waives a right, any error is unreviewable on appeal. In other words, an erroneous ruling generally does not

constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned." *United States v. Campbell*, 764 F.3d 874, 878 (8th Cir. 2014) (cleaned up). "To show a waiver, the government must point to action by the defendant or defense counsel that establishes an intentional relinquishment or abandonment of the right." *United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016).

In *Campbell*, we addressed a similar situation. The *Campbell* defendants "affirmatively agreed in their plea agreements that [a Guidelines provision] should apply when calculating the defendants' offense levels," and the agreements also stated that "the *parties* recommend that the base offense level is 22 as found in [the agreed-upon provision]." 764 F.3d at 876. The PSR restated these calculations, and the district court adopted the PSR "after neither party objected." *Id.* at 877. On appeal, the defendants reversed course and argued that the district court erred by applying the Guidelines provision. *Id.* We held that the defendants invited any alleged error because "they prompted the district court to 'embark on a specific course of action' that 'defense counsel specifically approve[d].'" *Id.* at 879 (alteration in original) (quoting *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 868 (8th Cir. 2011)). "Thus, we decline[d] to review whether the district court err[ed] . . . ." *Id.*

Similarly, Montagne actively invited any error the district court made in sentencing him to a life sentence. During the proceedings, Montagne agreed multiple times that he was subject to mandatory life imprisonment. He did so in his plea stipulation (which Montagne's lawyer drafted and Montagne signed), during his change-of-plea hearing, and during his sentencing hearing. Additionally, he did not object to § 3559(e)'s application at any point. *See id.* ("Other circuits have declined plain error review where the defendant pleaded guilty, did not object to the PSR on the appropriate grounds, and asked the court to proceed with the agreed-upon sentencing calculation.").

Montagne's citation to out-of-circuit decisions is unpersuasive. For example, the Sixth Circuit has stated that the invited-error doctrine does not apply when "the government was as much at fault for inviting the [alleged] error as the defendant." *United States v. Barrow*, 118 F.3d 482, 491 (6th Cir. 1997). Thus, according to Montagne, the doctrine should not apply to him because the government also agreed that § 3559(e)'s mandatory life sentence applied. But *Campbell* belies Montagne's assertion. The *Campbell* defendants and the government both agreed that the challenged Guidelines provision applied, but that did not alter our analysis. The same is true here; Montagne waived his argument that § 3559(e)'s mandatory life imprisonment did not apply to him.

## III. *Conclusion*

Accordingly, we affirm.

_____