# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1598
_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Rios-Sanchez, also known as Rooster, also known as Dude

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 11, 2022
Filed: March 11, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Ruben Rios-Sanchez pleaded guilty to one count of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The

district court[1] applied a 2-level increase to Rios-Sanchez's base offense level under § 2D1.1(b)(12) of the U.S. Sentencing Guidelines for having "maintained a premises for the purpose of manufacturing or distributing a controlled substance." Rios-Sanchez's total offense level was 42, his criminal history category was VI, and his Guidelines sentencing range was 360 months' to life imprisonment. The district court imposed a 300-month sentence.

We conclude that the district court did not clearly err in finding that Rios-Sanchez had maintained a premises for the purpose of distributing methamphetamine. See United States v. Miller, 698 F.3d 699, 705 (8th Cir. 2012) (standard of review). For the enhancement to apply, drug distribution "need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." U.S.S.G. § 2D1.1 cmt. n.17. A "premises" may be "a building, room, or enclosure." Id.

The PSR described multiple drug transactions that occurred in Rios-Sanchez's garage. Co-conspirators reported that they had met Rios-Sanchez in his garage to purchase methamphetamine from him. Some observed firearms and large quantities of methamphetamine there. One co-conspirator described the garage as the primary location of Rios-Sanchez's drug activity. Rios-Sanchez claims that he primarily used his residence as a home for his family and that any illegal activity occurring there "was infrequent, incidental, and restricted to the detached garage." But the garage itself served as the "premises," and the record fully supports the district court's finding that one of its primary uses was drug distribution. Moreover, any error would have been harmless because the Guidelines sentencing range would have been the same even without the 2-level increase and because the district court indicated that

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

it would have imposed the same sentence regardless of whether the enhancement applied. See United States v. McGrew, 846 F.3d 277, 280 (8th Cir. 2017) ("[A] Guidelines calculation error is harmless if it did not substantially influence the outcome of the sentencing proceeding." (internal quotation marks and citation omitted)).

Rios-Sanchez also argues that his 300-month sentence is substantively unreasonable, contending that the district court failed to give adequate consideration to his potential for rehabilitation and his ability to contribute to society. He asserts that the district court should have given greater weight to his young age, steady work history, strong family support, and ongoing efforts to address his substance-abuse issues. Against those circumstances, however, the district court considered the extensive nature of Rios-Sanchez's drug distribution, as well as the need to deter him from further criminal conduct, to protect the public, and to avoid unwarranted sentencing disparities. See United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)). The district court decided to vary downward from the Guidelines sentencing range, but explained that Rios-Sanchez had been "engaged in a very dangerous matter and distributing dangerous substances for a significant period of time." We conclude that the district court did not abuse its discretion in deciding not to vary downward still further. See United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017) ("[I]t is 'nearly inconceivable' that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence, United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).").

The judgment is affirmed.

_____