# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3036
_____

United States of America

*Plaintiff - Appellee*

v.

Mark L. Flaaen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 8, 2024
Filed: May 10, 2024
[Unpublished]
_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Mark L. Flaaen pleaded guilty to possession of a firearm by a previously convicted felon. 18 U.S.C. § 922(g)(1). He challenges his within-guidelines-range sentence. We affirm.

Mr. Flaaen pleaded guilty without the benefit of a plea agreement. He received a three-level reduction in his offense level for acceptance of responsibility resulting in an adjusted offense level of 17. He had many prior firearm and burglary convictions, several involving breaking into homes and stealing firearms. Two of his prior convictions were for other violations of Section 922(g)(1). Even with several aged prior convictions not receiving any criminal history points, his criminal history placed him well within Category VI. His advisory guidelines sentencing range was 51 to 63 months' imprisonment. The government argued for a 90-month sentence. Mr. Flaaen asked for probation. The district court[1] imposed a within-range, 60-month sentence.

Mr. Flaaen did not challenge the sufficiency of the district court's discussion below but argues on appeal that the district court committed procedural error by not sufficiently addressing the 18 U.S.C. § 3553(a) factors. Because he did not ask for further explanation below, we review his procedural error argument only for plain error. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016) ("As a practical matter . . . a forfeited challenge to the adequacy of a district court's explanation for a sentence within an advisory guideline range faces long odds.").

We find no procedural error, plain or otherwise. The district court's discussion demonstrated sufficient consideration of the parties' arguments, including Mr. Flaaen's arguments concerning factors he deemed mitigating such as the need for mental health and drug treatment and the failure of prior incarceration to successfully curb his criminal activity. The district court was not required to discuss all of Mr. Flaaen's various arguments at length. *See Gall v. United States*, 552 U.S. 38, 50 (2007) (stating that the district court's explanation "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing"). Further, the district court clearly and expressly disagreed with Mr. Flaaen as to what was aggravating and what was mitigating (*e.g.*,

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

incorrigibility following prior incarceration).  This fact undermines the plain error requirements of prejudice to Mr. Flaaen and harm to the integrity of the courts.  *See, e.g.*, *United States v. Olano*, 507 U.S. 725, 732 (1993) ("[T]he court should not exercise [plain error] discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (cleaned up)).

Mr. Flaaen also argues the district court abused its discretion by imposing a substantively unreasonable sentence.  We may presume a within-range sentence to be reasonable on appeal.  *See Rita v. United States*, 551 U.S. 338, 347 (2007) ("The presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case.  That double determination significantly increases the likelihood that the sentence is a reasonable one.").  Here, our review of the sentencing materials, transcript, and briefs on appeal reveal nothing that causes us to depart from this assumption in our review of the district court's broad discretion.

We affirm the judgment of the district court.

_____