# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1725
_____

United States of America

*Plaintiff - Appellee*

v.

Jennifer Mares-Flores

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 12, 2026
Filed: June 3, 2026
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

In 2016, Jennifer Mares-Flores was convicted of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, for which she was sentenced to 78 months' imprisonment, followed by 3 years of supervised release. After the completion of her sentence of incarceration, and following two revocations of supervised release, the United States Probation Office

filed a petition to revoke Mares-Flores's supervised release for a third time, alleging that she committed five new law violations, all related to possession of controlled substances. The district court[1] granted the petition, revoked Mares-Flores's supervised release, and sentenced her to 18 months' imprisonment, followed by an additional 2 years of supervised release. On appeal, Mares-Flores challenges the substantive reasonableness of her revocation sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Mares-Flores's conviction arises from her participation in a multi-person scheme to distribute methamphetamine in the Northern District of Iowa. After completing her original sentence of incarceration, Mares-Flores began serving supervised release in July 2022, and her supervision was transferred to the Southern District of Iowa. Within months, Mares-Flores violated various conditions of her supervised release—all related to drug activity—resulting in the Probation Office seeking to have it revoked. The district court granted the Probation Office's petition, revoked Mares-Flores's supervised release, and sentenced her to 6 months' imprisonment, followed by 30 months of supervised release. After completing this term of incarceration, in July 2023, Mares-Flores reported to a residential reentry facility, where she immediately tested positive for methamphetamine and marijuana. When Mares-Flores was expelled from the facility three months later for engaging in drug dealing activities and was also found to be in contact with a felon, the Probation Office again petitioned to revoke Mares-Flores's supervised release. The district court revoked Mares-Flores's supervised release for a second time and sentenced her to 8 months' imprisonment followed by 24 months of supervised release.

Mares-Flores began serving her current term of supervised release in June 2024. In December 2024, the Probation Office filed a petition seeking the revocation of supervised release based on five new law violations, which it alleged were

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

possession with intent to distribute marijuana, possession with intent to distribute methamphetamine, failure to affix a tax stamp, possession of a controlled substance, and possession of drug paraphernalia. These new law violations stemmed from Mares-Flores's arrest in Indianola, Iowa, where police recovered, during a search of Mares-Flores's vehicle, approximately 300 grams of marijuana, 18 grams of methamphetamine, heroin, and drug paraphernalia, including needles and syringes containing methamphetamine.

The district court held a revocation hearing, at which the Government introduced the testimony of the arresting officer to support the alleged violations. The district court determined that the Government met its burden of proving, by a preponderance of the evidence, each of the violations alleged in the petition; it then calculated Mares-Flores's United States Sentencing Guidelines range as 18 to 24 months' imprisonment. The Government requested a sentence of 18 months' imprisonment, while Mares-Flores requested a sentence of time served of nearly four months and an order that she live at a sober living facility. In seeking a downward variance, Mares-Flores's counsel argued that Mares-Flores suffered from undiagnosed or untreated mental health conditions that led her to self-medicate with controlled substances. Mares-Flores also addressed the court, stating that she suffered from PTSD, night terrors, and trouble sleeping, all stemming from being raped by an officer while incarcerated.

The district court denied Mares-Flores's request for a downward variance and imposed a sentence of 18 months' imprisonment, with the sentence running consecutively to any term of imprisonment Mares-Flores might receive in pending state cases related to the new law violations, followed by an additional 2 years of supervised release. In fashioning Mares-Flores's sentence, the district court recognized the "reprehensible" acts perpetrated against Mares-Flores while incarcerated, noting that it was "horrifying" that Mares-Flores and many other women were sexually assaulted while incarcerated at a specific federal facility. The district court also specifically acknowledged that Mares-Flores suffered from PTSD and needed mental health treatment. However, the district court noted that Mares-

Flores received a financial settlement as a victim of assault in the federal facility that she used "to invest in drugs rather than a place to live," that she had continued to engage in drug-trafficking activities, that she had been offered mental health and substance abuse treatment throughout her supervised release and was on her third revocation in two years, and that she took no responsibility for her actions because she failed to stipulate to any of the violations in the petition for revocation. The district court thus determined that a Guidelines-range sentence was appropriate in this case.

On appeal, Mares-Flores argues that the district court erred in imposing its sentence because a downward variance was appropriate based on her unique history and characteristics, specifically as it related to the sexual abuse she suffered while incarcerated in the federal prison system. Mares-Flores also asserts that the district court erred in its decision to run her revocation sentence consecutively to any term of imprisonment she received in her state court proceedings. "We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Wooten, 167 F.4th 490, 493 (8th Cir. 2026) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Boyum, 54 F.4th 1012, 1015 (8th Cir. 2022) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable," and we "may consider a sentence within the advisory guidelines range as presumptively reasonable." United States v. Edwards, 820 F.3d 362, 366 (8th Cir. 2016) (citation omitted).

The district court did not err in imposing a bottom-of-the-Guidelines-range sentence after considering the 18 U.S.C. § 3553(a) sentencing factors applicable to a revocation sentence pursuant to 18 U.S.C. § 3583(e). First, as to Mares-Flores's assertion that the district court erred by not appropriately considering her history and

characteristics as a victim of sexual assault by prison officials while incarcerated, she offers no more than a disagreement with how the district court chose to weigh this factor against the other, aggravating factors, including Mares-Flores's continued participation in drug trafficking. "'The district court has wide latitude to weigh the relevant sentencing criteria . . . .' Mere 'disagreement with how the district court weighed the relevant sentencing factors does not justify reversal.'" United States v. Johnson, 151 F.4th 978, 985 (8th Cir. 2025) (citations omitted).

Second, as to Mares-Flores's challenge to the district court's decision to run her revocation sentence consecutive to any subsequent state sentence, "[i]t is within the discretion of a district court to order that a federal sentence run consecutively to a yet-to-be-imposed state sentence." United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016). To the extent that Mares-Flores asserts the district court failed to provide a proper explanation for running the sentence consecutively, she did not raise this objection at sentencing, confining our review of this claim to plain error. See United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). Under this standard, an appellant faces "a daunting task in convincing a court of appeals that a more detailed explanation would have resulted in a lighter sentence," id., a hurdle Mares-Flores fails to clear. The district court heard the arguments of both parties and ultimately concluded that the aggravating factors warranted a Guidelines-range sentence to be served consecutively to any potential state sentence. Mares-Flores fails to demonstrate how, on this record, she would have received a more lenient sentence, i.e., one running the sentences concurrently, had the district court provided a more detailed explanation of its reasoning. We therefore discern no error, much less one that is plain, in the district court's explanation of its sentence.

For the foregoing reasons, we affirm the judgment of the district court.

_____