# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3189

_____

United States of America

*Plaintiff - Appellee*

v.

Milo Vareen Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 22, 2013
Filed: November 29, 2013

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

This case is before us on remand from the United States Supreme Court. On August 22, 2012, our court affirmed Milo Vareen Davis's convictions and sentences for conspiring to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846, and 851, and for money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. See United States v. Davis, 690 F.3d 912, 917-18, 929 (8th Cir. 2012). In affirming Davis's sentence, we concluded

any error the district court[1] made in failing to apply retroactively the Fair Sentencing Act of 2010 (FSA)[2], Pub. L. No. 111–220, 124 Stat. 2372, was harmless given the basis for Davis's sentence. See Davis, 690 F.3d at 928-29 (discussing Dorsey v. United States, 567 U.S. ___, ___, 132 S. Ct. 2321, 2326 (2012) (holding "the new, more lenient mandatory minimum provisions" of the FSA apply to pre-FSA offenders)).[3]

Davis filed a petition for writ of certiorari. On June 24, 2013, the Supreme Court granted certiorari, vacated our judgment, and remanded for reconsideration in light of Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013). See Davis v. United States, ___ U.S. ___, 133 S. Ct. 2852 (2013). In Alleyne, the Supreme Court held the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory minimum sentence. See Alleyne, 570 U.S. at ___, 133 S. Ct. at 2162-63.

Having reconsidered Davis's appeal as directed by the Supreme Court, we again affirm the district court's judgment and reinstate all but Part II.F. of our prior opinion.[4] See Davis, 690 F.3d at 928-29. Any errors the district court committed

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The FSA increased the threshold quantities of cocaine base necessary to trigger statutory mandatory minimums under 21 U.S.C. § 841(b)(1). See FSA § 2.

[3]The government concedes "[u]nder the FSA and post-*Dorsey*, the jury's [drug-quantity] finding places [Davis] under 21 U.S.C. § 841(b)(1)(B) for a statutory range of 10 years' to life imprisonment."

[4]Our observation in Davis that "'a district court may impose a sentence based on a drug quantity determination greater than that found by the jury so long as the sentence does not exceed the statutory maximum of the convicted offense and the district court's calculation is supported by sufficient evidence[,] . . . even where the

with respect to Davis's sentence are harmless under the circumstances of this case.[5] See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

A jury convicted Davis of conspiring to distribute drugs and of money laundering. Specifically, the jury determined Davis conspired to distribute "50 grams or more of cocaine base" and "500 grams or more of a mixture or substance containing a detectable amount of cocaine," in each case the maximum amount specified on the verdict form. Based on the jury's quantity findings, the district court—though consistent with the law at the time—erroneously advised Davis at sentencing that he was subject to a mandatory minimum of twenty years imprisonment.

Notwithstanding Davis's argument to the contrary, the district court's error did not affect Davis's substantial rights. In calculating Davis's advisory United States Sentencing Guidelines (U.S.S.G.) range,

> [t]he district court found Davis responsible for 5,163.06 grams of crack and 3,649.15 grams of powder cocaine, which resulted in an adjusted

district court's finding subjects a defendant to a lengthier mandatory minimum sentence than that which would be applicable based solely on the jury's quantity determination,'" Davis, 690 F.3d at 928 (quoting United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008) (internal citations omitted)), is no longer correct according to Alleyne, 570 U.S. at ___, 133 S. Ct. at 2155.

[5]The government questions whether Davis "failed to preserve an objection, thereby forfeiting his Alleyne claim" and subjecting his claim to plain-error review under Fed. R. Crim. P. 52(b). We need not address that issue in this appeal. See United States v. Anderson, 236 F.3d 427, 429 n.3 (8th Cir. 2001) (per curiam) ("Because we conclude that the . . . error does not warrant reversal under harmless-error analysis, we need not decide whether the more stringent plain-error standard of review would apply to this case.").

offense level of 36. See U.S.S.G. § 2D1.1. Because the adjusted offense level of 40 for the money laundering conviction was higher, the district court applied that level to both counts, determining Davis was subject to an advisory Guidelines range of 360 months to life imprisonment for his conspiracy conviction (level 40, category IV). See U.S.S.G. § 3D1.3(a) (explaining the offense level that applies to a group of closely related offenses is "the highest offense level of the counts in the [g]roup").

Davis, 690 F.3d at 928-29. Closely analyzing the 18 U.S.C. § 3553(a) sentencing factors, the district court found "a basis to go . . . above the low end of the advisory guideline range of 360 months" to life but "decline[d] to do so" and concluded a 360-month sentence was "supported by the evidence[] and . . . sufficient but not greater than necessary to achieve the goals of sentencing" regardless of the application of the FSA. Davis's sentence was not based on the twenty-year mandatory minimum.

Because any Alleyne error in this case is harmless, we affirm.

———————————————————