# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3409

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Rush

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 16, 2015
Filed: January 22, 2016
[Unpublished]

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy L. Rush pled guilty to one count of possessing a firearm and ammunition while an unlawful user of a controlled substance, and one count of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(3), 922(g)(1), and 924(a)(2). The district court[1] sentenced Rush to 60 months'

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

imprisonment.  Rush appeals his sentence.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Rush was an unlawful user of marijuana when officers patted him down and seized from his waist a Beretta pistol (which he admitted stealing).  Three years later, officers responded to a report of a man with a gun.  Rush matched the description and fled when officers approached him.  Running away, he threw down a .380 pistol (which he admitted taking without the owner's consent).  The district court granted an upward departure, increasing the Guideline range from 37-46 months to 57-71 months.  The court sentenced Rush to concurrent 60-month sentences for each count.

Rush asserts no procedural error.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (the appellate court "must first ensure that the district court committed no significant procedural error").  This court reviews "the substantive reasonableness of the sentence [] under an abuse-of-discretion standard."  *Id.*  An abuse of discretion happens if a district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations omitted).

Rush primarily attacks the upward departure.  The Government counters that any departure error is harmless because the district court said it would impose the same sentence as a variance under 18 U.S.C. § 3553(a).  Rush invokes *United States v. Davis*, 690 F.3d 912, 929 (8th Cir. 2012), *vacated*, 133 S.Ct. 2852 (2013) (vacating in light of *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013)), *aff'd*, 736 F.3d 783, 785 (8th Cir. 2013).  In *Davis*, the district court failed to retroactively apply the Fair Sentencing Act.  *Davis*, 690 F.3d at 928.  This court initially found that error harmless because "Davis also fails to point to anything suggesting the district court would impose a different sentence on remand."  *Id.* at 929.  On remand from the Supreme Court, this court again affirmed the sentence.  *Davis*, 736 F.3d at 785.  This court

found harmless any *Alleyne* error because the district court did not base the sentence on the mandatory minimum and closely analyzed the section 3553(a) factors. *Id.*

Similarly here, any error in departing under the Guidelines was harmless. *See United States v. Grandon*, 714 F.3d 1093, 1098 (8th Cir. 2013) ("Because we conclude the district court did not abuse its substantial discretion in varying upward to 132 months imprisonment, any error in alternatively imposing an upward departure would be harmless because the district court would have imposed the same sentence absent the error.") (internal quotations omitted). The district court "carefully consider[ed] each and every [section 3553(a)] factor" and varied based on Rush's serious criminal history, the likelihood of recidivism, and the danger to the community. The court cited "lenient treatment by the state courts" that failed to change Rush's behavior, Rush's "complete disrespect for the laws and for the individuals who enforce the laws," and Rush's "usual thing" of running from police. The court emphasized Rush's history of possessing stolen and defaced firearms—including a sawed-off shotgun—as well as his 14 criminal offenses as an adult. The district court considered the nature and circumstances of the offense, highlighting the possession of at least one stolen firearm. The district court did not abuse its discretion in varying upward by fourteen months from the original Guideline range of 37-46 months. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____