# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3092

_____

United States of America

*Plaintiff - Appellee*

v.

Frank White, also known as Frank L. White

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 3, 2017
Filed: July 21, 2017

_____

Before WOLLMAN, LOKEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Frank White pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was subsequently sentenced to 120 months in prison. He now appeals that sentence, arguing the district court[1] procedurally erred and the sentence is

_____

[1] The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

substantively unreasonable. Having appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On May 16, 2015, White entered a Kansas City, Missouri, bank and approached a teller. White attempted to unfold a note but was unable to, and told the teller: "Give me all the money in the drawer. Give me everything." White also instructed the teller not to press any buttons. The teller, feeling threatened, placed a total of $1,971, including thirty marked bills, in a bag. The teller also included a tracking device with the money.

White fled the bank and entered a nearby house by breaking a rear door window. A resident was inside the house, and White told the resident he had a gun and demanded the resident give him the keys to his car. The resident refused to do so, and White left the home without taking any property.

Meanwhile, police officers had been notified of a bank alarm and used the bank's tracking device to determine White's whereabouts. The officers saw an individual, White, matching the robber's description walking down the street, and White took off running when the unmarked police car approached him. After a brief foot chase and a struggle, White was arrested. The police discovered White was carrying most of the money taken from the bank, the marked bills, the tracking device, a note reading "All hundreds I gotta gun, be quick so nobody gets hurt, Gun," and a substance that appeared to be marijuana.

White pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The presentence investigation report (PSR) calculated White's base offense level as 20 and recommended applying a two-level enhancement for taking property of a financial institution (United States Sentencing Guidelines or U.S.S.G. § 2B3.1(b)(1)), a two-level enhancement because the offense involved carjacking (id.

§ 2B3.1(b)(5)), and a three-level reduction for acceptance of responsibility (id. § 3E1.1(a), (b)), resulting in a total offense level of 21.  With a criminal history category of VI, the PSR calculated White's advisory range under the Guidelines as 77 to 96 months imprisonment.

White objected to the carjacking enhancement because "[t]here is insufficient evidence that there was a motor vehicle to be taken from the person or presence of the victim."  See id. § 2B3.1(b)(5); id. § 2B3.1 n.1 ("'Carjacking' means the taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation.").  At White's sentencing hearing, the government admitted it chose not to have the carjacking victim testify as to the presence of a vehicle because it "would be kind of a waste of [the] Court's time and resources, and the time of that individual as well, because . . . [w]hether or not this technically comes within the definition of carjacking . . . [is] fairly irrelevant."  The district court recognized the objection was "a good objection," but stated "running into . . . someone else's house uninvited after a bank robbery, yelling 'Give me your car, I got a gun,'" satisfies the requirements of attempted carjacking.

The district court adopted the PSR's proposed advisory Guidelines range of 77 to 96 months imprisonment.  Noting it was "required to consider many factors under a statute called 18 U.S.C. 3553(a)," the district court outlined the factors it found relevant in setting White's sentence.  Particularly, the district court was concerned that "a lot of bad things happen once people start this chain of events to rob a bank," and the district court noted "[i]t's a miracle no one was shot," including White.  The district court also highlighted White had "basically commit[ted] another felony there by breaking into the home to steal a car."  While the district court recognized there was "good" in White's history and characteristics, particularly that he took responsibility for his actions and was honest throughout the court process, the district court noted White "created a danger to a lot of people in [his] criminal conduct."

The district court announced it was varying upward from the advisory Guidelines range because of White's "criminal history and the need to protect the public," and sentenced White to 120 months imprisonment followed by three years of supervised release. The government then asked the district court: "Just for the record, . . . is the Court['s] sentence based on the [section] 3553 factors, regardless what the [G]uideline calculations were?" The district court confirmed, "[e]ven if [it] would have sustained [White's] objection, . . . [the district court] would still come out the same way based on the strong 3553(a) factors."

## II.   DISCUSSION

White now asserts three errors in his sentencing: (1) procedural error in applying the two-level carjacking enhancement, (2) procedural error in failing to explain adequately the upward variance, and (3) substantive error in setting an unreasonable sentence. When reviewing the imposition of a sentence, we "must first ensure that the district court committed no significant procedural error," Gall v. United States, 552 U.S. 38, 51 (2007), so we first turn to the two procedural errors White claims.

### A.   Carjacking Enhancement

Guidelines § 2B3.1(b)(5) calls for a two-level enhancement if the underlying offense involved "the taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation." U.S.S.G. § 2B3.1 n.1. This definition is similar to the language of the federal carjacking statute. See 18 U.S.C. § 2119 (prohibiting, "with the intent to cause death or serious bodily harm[,] tak[ing] a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation").

White takes issue in this appeal with the "from the person or presence of another" language of the carjacking enhancement. Under the similarly phrased

18 U.S.C. § 2119, "a motor vehicle is in a person's presence . . . 'if it is so within his [or her] reach, inspection, observation or control, that he [or she] could if not overcome by violence or prevented by fear, retain his [or her] possession of [the vehicle].'" United States v. Casteel, 663 F.3d 1013, 1020 (8th Cir. 2011) (alterations in original) (quoting United States v. Burns, 701 F.2d 840, 843 (9th Cir. 1983) (per curiam)). This element is satisfied when a defendant threatens a victim inside a home while the victim's car is parked outside in the driveway. See id. White does not contest the version of the facts as presented in the PSR, but points out the government did not introduce any evidence there was a car anywhere near the house White broke into after his bank robbery.

The government does not argue its evidence satisfies the person or presence element of carjacking—instead, the government claims the sentencing enhancement does not require fulfillment of the technical elements of the substantive offense of carjacking, and because White took a substantial step toward carjacking, his conduct satisfies the elements for attempted carjacking. See United States v. Carlisle, 118 F.3d 1271, 1273 (8th Cir. 1997) ("A substantial step is conduct such that if it had not been extraneously interrupted would have resulted in a crime."); cf. United States v. Bauer, 626 F.3d 1004, 1007 (8th Cir. 2010) ("Factual impossibility . . . generally is not a defense to an inchoate offense such as attempt, because a defendant's success in attaining his criminal objective is not necessary for an attempt conviction.").

We do not need to resolve the issue of whether the attempted carjacking enhancement is appropriate if there is no evidence a car was on the victim's property, because the district court provided, at the suggestion of the government, an alternative basis for its sentence. "'Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence,' such as when the district court indicates it would have alternatively imposed the same sentence even if a lower

-5-

guideline range applied." United States v. Martinez, 821 F.3d 984, 988-89 (8th Cir. 2016) (quoting United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015)).

"The district court clearly identified the contested . . . issue, sought and discussed facts as necessary to support its broader sentencing decision, and adequately explained its overall sentence applying 18 U.S.C. § 3553(a)"—as detailed in the next section—instead of relying merely on White's advisory Guidelines range. United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012); see United States v. Sanchez-Martinez, 633 F.3d 658, 661 (8th Cir. 2011) (finding harmless error in calculating the advisory Guidelines sentencing range when the district court stated that "'even if [it] set the Guidelines aside, looking at [the defendant's] record, who [the defendant] [is], taking [the defendant] at [his] word, [the district court] believe[d] that a sentence of 36 months . . . is a fair and appropriate sentence under all the circumstances" (omission in original)). Any potential error in applying the carjacking enhancement was harmless.

### B. Adequate Explanation of the Sentence

White next contends the district court procedurally erred in failing adequately to explain its sentence, especially in light of the district court's upward variance from the advisory Guidelines range. "We do not require a district court 'to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.'" United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009) (quoting United States v. Little Hawk, 449 F.3d 837, 840 (8th Cir. 2006)). Because White failed to object to the adequacy of the district court's explanation at sentencing, we review for plain error. See United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) ("Where plain error occurs, 'an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" (quoting United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008))).

At the sentencing hearing, the district court outlined the reasons why it was imposing the sentence it did: the dangerousness of the pled-to offense, White's extensive criminal history, and the risk of harm White posed to the public in the future. The district court recognized White took responsibility for his actions, but highlighted White's past actions demonstrated a lack of respect for the law. "Although the court could have made specific reference to other factors relevant under § 3553(a), we are satisfied that the court was aware of the statute and adequately considered it in determining the appropriate sentence." United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010). In this case, the district court provided a clear explanation for the upward variance, and we find no plain error seriously affecting the fairness, integrity, or reputation of judicial proceedings.

### C.      Substantive Reasonableness of the Sentence

White's final argument is his sentence is substantively unreasonable. "We review the sentencing decisions of district courts under an abuse-of-discretion standard." United States v. Lozoya, 623 F.3d 624, 625 (8th Cir. 2010). "When conducting this review, [we] will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," but "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Reviewing the totality of the circumstances here, we find no abuse of discretion. White argues the district court placed too much weight on his criminal history and did not consider he had no history of using weapons and the bank robbery was, in his view, non-violent. The district court did recognize the "good" in White's history and characteristics, then highlighted the inherent dangerousness in robbing a bank and breaking into a private home to steal a car. "Simply because the district court weighed the relevant factors more heavily than [White] would prefer does not mean the district court abused its discretion." Lozoya, 623 F.3d at 627. It is true the sentence imposed was substantially longer than the upper limit of the advisory

Guidelines range, but while we "may . . . take the degree of variance into account," we cannot use "a rigid mathematical formula . . . as the standard for determining the strength of the justifications required for a specific sentence." <u>Gall</u>, 552 U.S. at 47. The district court did not fail to consider a relevant factor, did not give significant weight to an irrelevant or improper factor, and did not inappropriately weigh the relevant factors it did consider, so we find no abuse of discretion. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

## III.  CONCLUSION

We affirm.

_____