# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1891

_____

United States of America

*Plaintiff - Appellee*

v.

Clayton Don Gregory, also known as Cracker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 13, 2018
Filed: May 4, 2018
[Unpublished]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Clayton Don Gregory sold methamphetamine out of his home in Cedar Rapids, Iowa. When police officers searched the residence pursuant to a warrant, they found drugs and ammunition in the house itself and a partially disassembled .38-caliber revolver along with more drugs and ammunition in the garage. Since Gregory was not home during the search, the officers left behind a copy of the warrant. Gregory's

friend, Shelby Holland, stopped by the house, saw the state it was in, and telephoned Gregory to tell him that it looked like the police had "raided" his place. The police put the house under surveillance, but did not see Gregory return. Instead, seven days after the search, an officer observed Gregory and Holland leaving her home together in her vehicle. The officer asked a patrol car to stop Holland's vehicle but when the patrol car's lights went on, Gregory told Holland not to pull over. Gregory replaced Holland behind the wheel, slowed down, let her get out, and sped off, driving up to eighty-five miles an hour on city streets that had a speed limit of twenty-five to thirty miles an hour. Gregory did not elude the police and ultimately abandoned Holland's vehicle to hide in a corn field. The police captured him there, recovering a 9mm pistol he had tried to bury in the field and some ammunition he had left in Holland's vehicle.

Gregory pleaded guilty to distributing at least fifty grams of methamphetamine and to being a felon who possessed a firearm and ammunition on the day of his arrest. The district court,[1] over Gregory's objections, enhanced his Guidelines range for the drug offense under USSG §§ 2D1.1(b)(1) and 3C1.2 because he had possessed the .38-caliber revolver and because he had recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from police. In light of those enhancements, the district court calculated that his advisory sentencing range was 235 to 293 months of incarceration. The court then sentenced Gregory to 293 months in prison, followed by five years of supervised release. Gregory appeals from that sentence, arguing the enhancements were improper. We affirm.

When a district court applies a sentencing enhancement under the Guidelines, we normally review its conclusions of law de novo and its findings of fact for clear error. *See United States v. Lundstrom*, 880 F.3d 423, 444 (8th Cir. 2018). We need not resolve Gregory's assignments of error here, however, since the district court did

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

not base the sentence on his Guidelines range. Instead, it imposed what it termed "a nonguideline sentence" based on its "very careful consideration of all of the factors at 18 [U.S.C. §] 3553(a)." Any errors the court made in applying the enhancements were therefore harmless. *See Molina-Martínez v. United States*, 136 S. Ct. 1338, 1346–47 (2016); *United States v. White*, 863 F.3d 1016, 1020–21 (8th Cir. 2017).

Gregory insists nevertheless that the district court did not impose a "nonguideline" sentence since its sentence falls at the very top of his Guidelines range under the contested enhancements. But whether a sentence is based on the Guidelines does not turn on where it falls in relation to the calculated Guidelines range; it turns on whether the court's explanation of its sentence shows that it "thought the sentence it chose was appropriate irrespective of the Guidelines range." *See United States v. Espinoza*, 831 F.3d 1096, 1097 (8th Cir. 2016). Here, the court was clear from the outset that it did not "depend solely on the guidelines to arrive at 293 months," but relied as well on the other § 3553(a) considerations and facts in the record that the Guidelines had either ignored or undervalued. The court observed, for example, that Gregory had scored "21 criminal history points, 8 points more than are necessary to be the highest criminal category that we have in the federal system," making him "an atypical criminal history VI." The court also observed that Gregory had "a number of unscored convictions that receive no points under the guidelines," which indicated to the court that his criminal-history category did "not adequately represent his prior criminal behavior, nor the likelihood that he will recidivate." For those reasons and for other relevant ones, the court said that Gregory's Guidelines range was "not dispositive" of the sentence imposed. Any error in the Guidelines calculation was therefore harmless.

Gregory also asserts that the district court cannot render its sentencing-enhancement errors harmless simply by making a "blanket statement" that its sentence is not based on its Guidelines calculations. *See United States v. McGrew*, 846 F.3d 277, 281–82 (8th Cir. 2017). That is true, but the court did not make a blanket

statement here; rather, it developed and discussed reasons outside the Guidelines for finding the sentence appropriate. Insofar as Gregory is maintaining that the court's explanation of the sentence was insufficient, we review that assignment of error for plain error since he did not object below to the adequacy of the explanation. *See White*, 863 F.3d at 1021. We detect no error here, plain or otherwise.

Affirmed.

———————————————