# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1736

_____

United States of America

*Plaintiff - Appellee*

v.

Eugene Ogden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: April 9, 2018
Filed: June 6, 2018
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Eugene Ogden pleaded guilty to cyberstalking and was sentenced to thirty months in prison. On appeal, he argues that the district court[1] miscalculated his

_____

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

sentencing range under the United States Sentencing Guidelines and that, in any event, his sentence is substantively unreasonable. We affirm.

After breaking up with his girlfriend, Ogden embarked on a lengthy campaign of harassing conduct. Among other things, he posted eight advertisements on Craigslist, in which he posed as his ex-girlfriend and solicited rough sex with multiple partners. The ads contained pictures of her, one of her partially nude, and included her home address. Seven of the eight ads contained pornographic images. In response, men began appearing at his ex-girlfriend's door and continued to do so until Ogden finally removed the ads. At one point, Ogden openly refused to end the harassment, saying that she was "going to get what she deserves."

Ogden pleaded guilty to cyberstalking, 18 U.S.C. § 2261A(2)(B), which prohibits, among other things, the intentional use of "any interactive computer service . . . of interstate commerce . . . to engage in a course of conduct that . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to" another person. To satisfy the course-of-conduct element, an individual must engage in "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." *Id.* § 2266(2).

A similar issue arose at sentencing involving the applicability of a pattern enhancement. The Sentencing Guidelines direct a district court to enhance the offense level of those who engage in a pattern of stalking consisting of a "combination of two or more separate instances." U.S.S.G. § 2A6.2 cmt. n.1. According to Ogden, the pattern enhancement impermissibly double counted the same illegal acts as the course-of-conduct element of the underlying offense. When Ogden objected to the pattern enhancement at sentencing, the court overruled his objection, but stated that "even if [it] had ruled in [his] favor . . . [it] would [have] give[n] [him] the same sentence." The court sentenced Ogden to thirty months in

prison. The double-counting objection continues to occupy center stage in Ogden's appeal.

We need not decide whether the calculation of Ogden's sentencing range impermissibly counted the same acts twice, because even if we assume it did, the error was harmless. "Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence, such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." *United States v. White*, 863 F.3d 1016, 1020 (8th Cir. 2017) (internal quotation marks and citations omitted). The district court made clear that even without the pattern enhancement, it would have imposed the same sentence. Accordingly, we conclude that any procedural error was harmless.

Ogden also argues that his sentence is substantively unreasonable because a proper weighing of his personal history and characteristics should have resulted in a shorter prison sentence. Because the district court made "an individualized assessment based on the facts presented, addressing [Ogden's] proffered information in its consideration of the [18 U.S.C.] § 3553(a) factors," Ogden's "sentence is not unreasonable." *United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) (internal quotation marks and citations omitted).

The judgment of the district court is affirmed.

_____