# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3124

_____

United States of America

*Plaintiff - Appellee*

v.

Tamarra Shanay Washington

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: September 24, 2018
Filed: November 19, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

PER CURIAM.

In September 2016, Defendant Tamarra Shanay Washington pled guilty to being an unlawful drug user in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). She received a below-Guidelines sentence of twelve months and one day and was released on supervision in July 2017. Over the course of the next two months, she engaged in activity that her probation officer

considered to be at least fourteen violations of the conditions of her supervised release.  As a result, the probation officer petitioned to revoke supervised release.

The district court[1] conducted a revocation hearing at which Washington admitted committing ten of the alleged violations.  She contested four others, namely that she: (1) twice failed to follow her probation officer's instructions; (2) committed the Iowa offense of interference with official acts; and (3) possessed a controlled substance.  The probation officer testified regarding the four contested violations, and the court believed her testimony.  The court also listened to Washington and concluded that she had "no credibility." The court then found that Washington had committed three of the four alleged violations—twice failing to follow probation-officer instructions and interfering with official acts—and chose not to rule on the fourth as doing so was unnecessary.

The court then proceeded to sentence Washington.  It first considered the sentencing factors found in 18 U.S.C. § 3553(a).  Next, it pointed out how Washington committed her violations immediately upon release from prison despite having received "a significant sentencing break." The court explained that Washington's behavior constituted a "pattern" of inappropriate conduct and obstinance that deserved a prison sentence.  The court thus revoked Washington's supervised release and sentenced her to eleven months' imprisonment and two years of supervised release.

On review, we conclude that the court committed no clear error in finding Washington violated the terms of her supervised release.  The court heard the testimony of the probation officer and concluded that the defendant lacked credibility. Such a conclusion is "virtually unreviewable on appeal." United States v. McGee, 890

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

F.3d 730, 734 (8th Cir. 2018) (quoting United States v. Bridges, 569 F.3d 374, 377–78 (8th Cir. 2009)).

We also conclude that the sentence imposed by the court was substantively reasonable. The court appropriately considered the requisite sentencing factors. See 18 U.S.C. § 3583(e); United States v. White, 863 F.3d 1016, 1021 (8th Cir. 2017) ("We do not require a district court 'to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.'" (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009))). Moreover, the sentence was within the guideline range for a Grade C violation of supervised release. See U.S. Sentencing Guidelines Manual § 7B1.4; see also United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (explaining that a revocation sentence is reviewed "under the same 'reasonableness' standard that applies to initial sentencing proceedings" and that "[a] sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal" (citations omitted)).

Consequently, we affirm the district court's judgment.

_____