# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-2832

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Jamie Shoulders,

*Defendant - Appellant.*

——————

Appeal from United States District Court
for the District of South Dakota - Rapid City

——————

Submitted: October 23, 2020
Filed: February 25, 2021

——————

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

——————

COLLOTON, Circuit Judge.

Jamie Shoulders pleaded guilty to second-degree murder within Indian country, in violation of 18 U.S.C. §§ 2, 1111, and 1153. The district court[1] sentenced him to

———————————

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

300 months' imprisonment. On appeal, Shoulders argues that the district court committed procedural error at sentencing and imposed a substantively unreasonable sentence. We discern no reversible error, and therefore affirm the judgment.

The prosecution arose from the murder of Chris Janis in May 2017. On the date in question, an associate of Shoulders's named Scott Benson planned to purchase drugs from Janis. Shoulders and Clarence Yellow Hawk accompanied Benson to a meeting with Janis. At the meeting point, Benson got out of his vehicle and entered a minivan occupied by Janis and Janis's cousin, Cheryl.

While Benson was in the minivan, Yellow Hawk handed Shoulders a firearm. Shoulders walked to the driver's side door of the minivan and fired at least two shots through the window at Janis. Benson and Cheryl fled the vehicle. Yellow Hawk approached the minivan, took the firearm from Shoulders, and shot Janis several times. Benson, Yellow Hawk, and Shoulders returned to their vehicle and fled. Janis died from multiple gunshot wounds.

A grand jury charged Shoulders with second-degree murder, and he pleaded guilty. The district court calculated an advisory sentencing guideline range of 210 to 262 months' imprisonment, based on a total offense level of 35 and criminal history category of III. The court then departed upward two levels under USSG §§ 5K2.1 (Death) and 5K2.6 (Weapons and Dangerous Instrumentalities), and arrived at a revised guideline range of 262 to 327 months' imprisonment.

The court ultimately sentenced Shoulders to 300 months' imprisonment, saying that Shoulders had "earned every month and every year of that." The court also described the sentence as an "upward variance" from the guideline range, and said that even without the guideline departures, it "would reach the same sentence by varying upward under 18 U.S.C. § 3553(a)." As grounds for a variance, the court cited the indiscriminate firing of a gun into the victim's minivan, the defendant's

flight from the scene, the extreme risk of death to other occupants of the vehicle, the extreme nature of the offense, and the need to protect the community from future crimes by the defendant.

Shoulders argues that the district court committed significant procedural error by departing upward under the guidelines, by relying on a mistaken fact, and by failing to give an adequate explanation for the sentence. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We need not address whether the district court erred by departing under USSG §§ 5K2.1 and 5K2.6, because the court said that it would impose the same sentence by varying upward under 18 U.S.C. § 3553(a). *See United States v. Grandon*, 714 F.3d 1093, 1098 (8th Cir. 2013). Shoulders failed to object at sentencing to the alleged mistake of fact and the adequacy of the district court's explanation, so we review those claims for plain error. *See* Fed. R. Crim. P. 52(b). To obtain relief under that standard, Shoulders must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732-734 (1993).

Shoulders contends that the district court erred by basing its sentence on a mistaken belief that Janis's wife, rather than his cousin, was in the minivan when Janis was shot. At one point, the judge addressed Janis's widow, Erin, and said that he could not "imagine what you have gone and will go through," because "[y]ou were in the vehicle sitting next to your husband when this killing occurred," and "there is nothing in our system of justice that takes that into account." The court later recognized correctly that cousin Cheryl was in the vehicle, but mistakenly referred to Cheryl as Janis's wife: "Cheryl Janis took off after seeing her husband shot, sitting

-3-

right next to her in the front seat of that vehicle. And she got herself out of that vehicle and down, so she wasn't also a victim of the shooting. She's a lifetime victim of his death."

Shoulders did not object to these mistaken statements of fact, and he cannot show a reasonable probability that they affected the outcome of the proceeding. Janis's widow obviously suffered as a result of the crime, even though she was not in the vehicle at the time of the murder. The court correctly described Cheryl Janis as a lifetime victim who was fortunate to escape harm to herself as a passenger in the minivan during the shooting. There is no reasonable probability that the court would have arrived at a different sentence if the defense had clarified the identities of the minivan occupants and the family relationships during the hearing.

Shoulders next argues that the district court failed adequately to explain its sentence. When applying § 3553(a), a district court is not required to make specific findings as to each factor. *United States v. Bevins*, 848 F.3d 835, 840 (8th Cir. 2017). A defendant who has forfeited his objection to the court's explanation "confronts a daunting task in convincing a court of appeals that a more detailed explanation would have resulted in a lighter sentence." *United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016).

The district court discussed the § 3553(a) factors at some length. The court also stated that it was "very familiar with the facts" and had studied the presentence investigation report "carefully." The record shows that the court listened to the parties' arguments and determined that the circumstances warranted an upward variance. The court emphasized the "callous" nature of the "senseless killing," including a "heinous use of a firearm" that placed several persons at risk. The court's explanation was adequate, and Shoulders has not shown a reasonable probability that the court would have imposed a more lenient sentence if the explanation had been more fulsome.

-4-

Shoulders also contends that his sentence is substantively unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. Where a sentence is outside the advisory guideline range, we consider the extent of the deviation, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* District courts have wide latitude to weigh the sentencing factors and may give some greater weight than others, *Chavarria-Ortiz*, 828 F.3d at 672, but a district court abuses its discretion when it gives significant weight to an improper or irrelevant factor. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Shoulders argues that the district court gave too much weight to his discharge of a firearm. He contends that he fired into Janis's lower extremities and did not put the other two occupants of the minivan at risk. The district court reasonably disagreed. The court determined that Shoulders put Cheryl Janis and Benson in harm's way because firing a gun multiple times into a minivan occupied by three people puts all of them "in serious risk of serious injury or death." It was not unreasonable for the district court to conclude that Shoulders engaged in "a heinous use of a firearm."

Nor did the district court abuse its discretion by failing to consider Shoulders's contention that he fired out of fear after seeing a firearm within reach of Janis in the minivan. The district court reasonably described the shooting as "senseless." The court was not required to treat Shoulders's assertion that he "freaked out" as a mitigating factor that warranted a more lenient sentence.

Shoulders invokes the district court's alleged confusion between Erin Janis and Cheryl Janis as a reason why the sentence was unreasonable, but the court did not consider improper or irrelevant factors. Even if the court was mistaken about which relative was in the minivan or which relative was the victim's widow, it was proper

to consider that the decedent's spouse was a victim of the murder, and that a family member in the minivan suffered through a harrowing experience. There was no abuse of discretion.

The judgment of the district court is affirmed.

_____