# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1177
_____

United States of America

*Plaintiff - Appellee*

v.

Kimani I. Sterling

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 18, 2021
Filed: July 22, 2021
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

This case is before us following a re-sentencing on remand. In United States v. Sterling, 942 F.3d 439 (8th Cir. 2019), we remanded because the government had failed to prove a drug quantity above a base offense level of 24. On remand, the

district court[1] found a base offense level of 24 and an applicable Guidelines range of 84–105 months. The court varied upward and imposed a 125-month term of imprisonment to run consecutively to an unrelated state murder conviction. The new sentence is identical to the sentence originally imposed. Sterling appeals, asserting the district court committed a procedural error in failing to adequately explain the basis for its upward variance. He also asserts the sentence is substantively unreasonable. We affirm.

Because Sterling failed to object to the district court's explanation for the sentence it imposed, we review for plain error. United States v. White, 863 F.3d 1016, 1021 (8th Cir. 2017). In explaining its sentence, the district court is only required to give an explanation that is sufficient to satisfy us that it both considered the parties' arguments and has a reasoned basis for exercising its decision-making authority. United States v. Clark, 998 F.3d 363, 368 (8th Cir. 2021). We have noted that "[a] defendant who has forfeited his objection to the court's explanation 'confronts a daunting task in convincing a court of appeals that a more detailed explanation would have resulted in a lighter sentence.'" United States v. Shoulders, 988 F.3d 1061, 1064 (8th Cir. 2021) (citation omitted).

Here, the district court explained that it was relying on the factors set forth in 18 U.S.C. § 3553(a). A sentencing court is under no obligation to make specific findings on each factor. United States v. Bevins, 848 F.3d 835, 840 (8th Cir. 2017). The record demonstrates the court listened to and considered the parties' arguments. In imposing its sentence, the court emphasized the danger that Sterling posed to the public. The explanation given is adequate, and Sterling has failed to show a reasonable probability that the court would have imposed a more lenient sentence if the explanation had been more extensive.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

Sterling also contends his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A sentencing court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (cleaned up).

The district court listed several reasons for imposing an above-Guidelines sentence, including the danger Sterling posed to the community, to properly account for the crime Sterling had committed, for specific deterrence, and the need to protect the community. Each of these considerations is appropriate. The court specifically noted it was not considering the post-conviction conduct referred to by the prosecution in its recommendation. The decision to run the sentence consecutively to an unrelated state murder conviction is in no manner unreasonable. Sterling's sentence is not substantively unreasonable.

For the foregoing reasons, we affirm.

_____