# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1896
_____

United States of America

*Plaintiff - Appellee*

v.

David Satterfield

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: February 14, 2022
Filed: March 25, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

David Matthew Satterfield pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

varied upward, sentencing him to 46 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Satterfield believes the court erred by varying upward from the guideline range of 30 to 37 months based on clearly erroneous facts. This court typically reviews for abuse of discretion. *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020). The government contends Satterfield did not object at sentencing, and review should be for plain error. *United States v. Shoulders*, 988 F.3d 1061, 1063 (8th Cir. 2021) (reviewing for plain error the court's alleged procedural error in departing from the guidelines). Under either standard, Satterfield's claim fails.

Satterfield contends the sentence relied on the erroneous determination that he had a prior conviction for assault. The record does not support this contention. Relying on facts in the presentence investigation report, the court discussed Satterfield's lengthy criminal history, including an arrest for domestic battery and aggravated assault. Satterfield clarified that he was not convicted of those arrests, arguing that the court placed too much emphasis on his criminal history. The court noted that it discussed the arrest, not for the conviction itself, but to show "his propensity for violence, especially apparently when he is in an impaired state, which is apparently frequently." The district court did not err, let alone plainly err, in relying on these facts in sentencing.

Satterfield asserts his sentence is substantively unreasonable. He believes the court gave too much weight to his criminal history and not enough to his mitigating factors. This court reviews for abuse of discretion. *Isler*, 983 F.3d at 341. The district court considered Satterfield's mitigating factors—including his meth addiction, young age, family support, and cooperation during the case—noting that he "certainly deserves mitigating credit for all of that." But it also considered the aggravating factors, including that he had "the longest rap sheet of any person that I have ever seen at any time before this Court who has only had about 17 years or so to rack up a criminal history." According to the court, Satterfield's "really big and long" criminal history demonstrates "a lack of respect for the law and for

deterrence." And he's consistently "thumbed his nose at the judicial system and doesn't care what it does and he's never been held accountable." The court concluded:

> In terms of sentencing disparity, the Court sees lots of felon in possession cases, has lots of comparators. Your case is unique in that there's this juxtaposition between relatively benign circumstances surrounding the offense conduct, yet this horrible pattern of your criminal history, lack of respect, lack of being deterred, public safety issue, so on and so forth.
>
> All things considered, I don't think that this is a guideline range case. I think that the aggravating circumstances that I mentioned require the Court, at least in my judgment, to vary upward, although perhaps not a whole lot, but I do believe that it requires the Court to vary upward just because 30 to 37 months for a firearm violation in the context of this criminal history is not enough; is not enough, is not appropriate.

The district court did not abuse its discretion in varying upward. *See United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (holding no abuse of discretion in "demonstrating with an upward departure or variance that contemptuous disregard for the law can have serious consequences" (cleaned up)).

* * * * * * * *

The judgment is affirmed.
_____