# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-1645
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Mendoza

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 9, 2023
Filed: May 9, 2023
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

After Michael Mendoza pleaded guilty to possessing at least 50 grams of methamphetamine with intent to distribute it, the district court[1] gave him a statutory-minimum sentence of ten years in prison. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A).

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Although he claims that the statutory minimum does not apply under the so-called "safety valve," *see* 18 U.S.C. § 3553(f), we affirm because the court made clear that it would have imposed the same sentence anyway.

The safety valve requires courts to ignore the "statutory minimum" if, among other things,

> the defendant does not have—
> (A)  more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> (B)  a prior 3-point offense, as determined under the sentencing guidelines; and
> (C)  a prior 2-point violent offense, as determined under the sentencing guidelines[.]

*Id.* § 3553(f)(1).  Mendoza was ineligible for the safety valve, according to the district court, because he had "a prior 3-point offense." *Id.* § 3553(f)(1)(B).  He disagrees.

No matter who has the better of the argument, any error here was harmless. *See* Fed. R. Crim. P. 52(a); *see also United States v. Davis*, 736 F.3d 783, 785 (8th Cir. 2013) (explaining how to analyze harmlessness when the alleged error involves a statutory minimum).  The district court made clear at sentencing that it "would have imposed" the same ten-year sentence "even if th[e] mandatory minimum didn't exist." *See United States v. White*, 863 F.3d 1016, 1020 (8th Cir. 2017) (noting that an error is harmless if "the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence" (citation omitted)).  The reasons were that Mendoza had been caught with "a very large shipment . . . of methamphetamine," had previously smuggled drugs into the United States "at least three . . . times," and "didn't perform well on supervised release." *See* 18 U.S.C. § 3553(a).  Given that the "alternatively imposed" sentence would have been the same, the resolution of the safety-valve issue makes no difference. *White*, 863 F.3d at 1020 (citation omitted).

We accordingly affirm the judgment of the district court.

_____