# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2739

———————————————

United States of America

*Plaintiff - Appellee*

v.

Clark Gray

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: April 10, 2023
Filed: August 7, 2023
[Unpublished]

——————————

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Clark Gray pleaded guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1). Gray faced a statutory mandatory minimum sentence of 180 months' imprisonment, see 18 U.S.C. § 2252(b)(1), which was also

his advisory sentence under the U.S. Sentencing Guidelines, see U.S.S.G. § 5G1.1(b). The district court[1] varied upward and sentenced Gray to 228 months' imprisonment.

Gray argues that the district court committed procedural error by failing to adequately explain the upward variance and by failing to consider all relevant sentencing factors under 18 U.S.C. § 3553(a). Gray did not object to the adequacy of the district court's explanation or its consideration of the sentencing factors, and thus we review only for plain error. See United States v. Shoulders, 988 F.3d 1061, 1063 (8th Cir. 2021) (standard of review).

Although brief, the court's explanation satisfies us that it had "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). The court considered both Gray's request for a 180-month sentence and the government's position that a 240-month sentence should be imposed. Defense counsel ably set forth the circumstances regarding Gray's biological mother's mental illness and Gray's placement into foster care, as well as his childhood physical and mental health issues. Counsel explained that Gray had been adopted into a caring home, but that, even as an adult, his intellectual disabilities and his ongoing health issues prevented him from living independently. The government countered that Gray's sexual-abuse crimes against children and his lengthy criminal history demonstrate that he is unable to conform with the law and that he constitutes a danger to the community. After stating that it had considered the § 3553(a) factors, the district court agreed that an upward variance was justified, although not to the extent the government requested. The court recognized Gray's "terrible upbringing and youth," as well as his "serious emotional problems," but decided that a 228-month sentence was necessary "to protect the public from further crimes by the defendant," 18 U.S.C. § 3553(a)(2)(C).

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

The district court thus committed no plain procedural error in imposing Gray's sentence.

Gray also challenges the substantive reasonableness of his sentence, which we review for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007). Gray argues that the district court gave too much weight to the need to protect the public because the Guidelines sentence of 180 months' imprisonment adequately accounted for that factor, which thus could not justify a 48-month variance, particularly in light of Gray's disabilities. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (district court abuses its discretion when it commits a clear error of judgment in weighing sentencing factors). We find no clear error of judgment in the district court's decision to accord substantial weight to the need to protect the public, however, because the record establishes that (with respect to his instant offense) Gray's cell phone contained numerous images and videos of child pornography, that Gray previously had been convicted of offenses related to child sexual abuse, and that he was generally unable or unwilling to conform to the law. See United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021) ("[Defendant's] assertion of substantive unreasonableness amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors in fashioning his sentence."); United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (cleaned up)). Gray's sentence is thus not substantively unreasonable.

The judgment is affirmed.

_____